# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BRADLEY PETERS, SR., | ) | |
| Plaintiff, | ) ) | Civil Action No. 16-260 |
| v. | ) ) ) | District Judge Arthur J. Schwab<br>Magistrate Judge Lisa Pupo Lenihan |
| JASON BROWN, KEVIN BICKLE, WILLIAM GALLAGHER, DR. HOSNY MIKHAIK, BROOKVILLE HOSPITAL, OFFICER SPADER and JEFFERSON COUNTY JAIL, | ) ) ) ) ) | ECF Nos. 17 & 30 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motions to Dismiss filed by Defendant Brookville Hospital (ECF Nos. 17 & 30) be granted.

### II. REPORT

#### A. RELEVANT FACTS

Defendant Brookville Hospital ("Hospital") moves to dismiss Count/Paragraph 5 of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to file a certificate of merit ("COM") pursuant to Pennsylvania Rules of Civil Procedure. This civil action arises out of the arrest and subsequent detention and medical examination of Plaintiff John Bradley Peters, Sr. ("Plaintiff"). As to the moving Defendant Hospital, Plaintiff alleges that "Brookville Hospital has failed to train or supervise it's[sic] doctors to seek all information necessary to make a proper medical judgment." (ECF No. 1 ¶ 5.)

Plaintiff filed his Complaint on March 7, 2016. (ECF No. 1.) On November 1, 2016, Defendant Hospital served a copy of its Notice of Intention to Enter Judgment of Non Pros,

indicating that it intended to enter judgment as to all claims against it. (ECF No. 14 at 1-2.) Service was effectuated on November 3, 2016. (ECF No. 14 at 4.) The Notice was filed on November 9, 2016.[1] (ECF No. 14.) On December 5, 2016, Defendant Hospital filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 17.) On December 22, 2016, Plaintiff filed a Motion for Extension of Time to File Certificate of Merit. (ECF No. 22.) The Motion for Extension of Time was filed after the deadline set out in Pennsylvania Rule of Civil Procedure 1042.3 (d).[2] Because Plaintiff is pro se, the Court granted one extension of time to file a certificate of merit on December 27, 2016. The certificate of merit was due on February 27, 2017. (ECF No. 24.) On February 28, 2017, Plaintiff filed his Certificate of Merit, with its certificate of service dated February 25, 2017. On February 28, 2017, Defendant Hospital filed its Supplemental Motion to Dismiss. (ECF No. 30.) Although ordered to do so twice (ECF Nos. 19, 34, 38, 39), Plaintiff has failed to respond to either of the pending Motions to Dismiss at ECF Nos. 17 & 30.

B. LEGAL STANDARD

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556

---

[1] It is unclear why the Notice of Intention was filed six (6) days after service of the same was effectuated. The Court, however, takes note of the date that Plaintiff received the Notice of Intention, November 3, 2016.

2 "The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days." Pa. R. Civ. P. 1042.3(d). A plaintiff's motion for extension of time to file a COM "*must* be filed by the thirtieth day after the filing" by defendant of the notice of intention to enter judgment, "or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a [COM], whichever is greater." Pa. R. Civ. P. 1042.3(d)(emphasis added).

> U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler[v. UPMC Shadyside*, 578 F.3d [203,][] 213 [(3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)).

Importantly, the Court must liberally construe the factual allegations of the Complaint because pleadings filed by pro se plaintiffs are held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Therefore, if the Court "can reasonably read [the] pleadings to state a valid claim on which [plaintiff] could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or [plaintiff's] unfamiliarity with pleading requirements." *Wilberger v. Ziegler*, No. 08-54, 2009 WL 734728, at *3 (W.D. Pa. March 19, 2009) (citing *Boag v. MacDougall,* 454 U.S. 364 (1982) (*per curiam*)). The law is clear, however, that a plaintiff's pro se status will not excuse compliance with COM requirements. *See Hodge v. U.S.*

*Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010); *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007).

    C.    ANALYSIS

Pennsylvania law requires that a certificate of merit ("COM") accompany a claim for professional liability brought against certain designated licensed professionals.[3] Pennsylvania Rule of Civil Procedure 1042.3 states that the COM must be filed within 60 days following the filing of any action where it is alleged that "a licensed professional deviated from the acceptable professional standard[.]" Pa. R. Civ. P. 1042.3(a).[4] The COM must contain a written statement from "an appropriate licensed professional" declaring whether the professional liability claim is brought directly (the defendant's conduct fell below the standard of care, bringing about the harm), indirectly (the conduct of persons under the direction of the defendant fell below the standard of care, bringing about the harm), or that no expert testimony will be necessary to prosecute the claim against the defendant. Pa. R. Civ. P. 1042.3(a)(1)-(3)[5]. A separate certificate is necessary for "each licensed professional against whom a claim is asserted." Pa. R. Civ. P. 1042.3(b)(1). If a complaint raises both direct and indirect claims against a single

---

[3] "Licensed professional" includes health care providers, accountants, architects, chiropractors, dentists, engineers or land surveyors, nurses, optometrists, pharmacists, physical therapists, psychologists, veterinarians, and lawyers. Pa. R. Civ. P. 1042.1(c).

[4] The 60 days is counted from the filing of the original complaint only. Amendments to the complaint will not impact the COM filing deadline. *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 325-26 (Pa. Super. Ct. 2007) (discussing *O'Hara v. Randall*, 879 A.2d 240 (Pa. Super. Ct. 2005) and *Hoover v. Davila*, 862 A.2d 591 (Pa. Super. Ct. 2004)).

[5] Rule 1042.3 (a)(3) provides that where a plaintiff has submitted a COM indicating that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim[,]" in the absence of exceptional circumstances, "the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation." Pa. R. Civ. P. 1042.3 (a)(3) and accompanying note.

defendant, the COM must say so; otherwise, the plaintiff must file two (2) COMs for that defendant (one for the direct claim, the other for the indirect claim). Pa. R. Civ. P. 1042.3(b)(2). The COM must be signed by the party or by the attorney representing that party. Pa. R. Civ. P. 1042.3(a). Federal courts in Pennsylvania have held that the COM requirement is a substantive rule of law that applies in professional liability actions in federal court. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011); Iwanejko, 249 F. App'x at 943; *Bresnahan v. Schenker*, 498 F. Supp.2d 758, 762 (E.D. Pa. 2007).

If plaintiff has not filed a COM as provided by the Rules, the defendant against whom a claim for professional liability is alleged, "shall file a written notice of intention" to enter judgment pursuant to Pennsylvania Rule of Civil Procedure 1042.6 and serve it on the plaintiff if unrepresented by counsel, "no sooner than the thirty-first day after the filing of the complaint." Pa. R. Civ. P. 1042.6(a). The United States Court of Appeals for the Third Circuit has more recently held that this notice requirement is substantive in nature and applies in professional liability actions proceeding in federal court. *Schmigel v. Uchal*, 800 F.3d 113, 119-20 (3d Cir. 2015).

"The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days." Pa. R. Civ. P. 1042.3(d). A plaintiff's motion for extension of time to file a COM "must be filed by the thirtieth day after the filing" by defendant of the notice of intention to enter judgment, "or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a [COM], whichever is greater." Pa. R. Civ. P. 1042.3(d).[6]

---

[6] The Note accompanying this provision provides as follows: "There are no restrictions on the number of orders that a court may enter extending the time for filing a [COM] provided that each

5

In addition, after defendant files a notice of intention to enter judgment pursuant to Pennsylvania Rule of Civil Procedure 1042.6(a), "a plaintiff may file a motion seeking a determination by the court as to the necessity of filing a [COM]." Pa. R. Civ. P. 1042.6(c).

Here, Plaintiff failed to file his COM before the expiration of the 60-day deadline provided in Pennsylvania Rule of Civil Procedure 1042.3(a). Thereafter, Plaintiff received Defendant Hospital's Notice of Intention to Enter Judgment on November 3, 2016. At this point, Plaintiff did not file a motion seeking a determination by the court as to the necessity of filing a COM. Defendant Hospital then filed the current Motion to Dismiss on December 5, 2016.[7] Plaintiff did not timely file a motion for extension of time to file the COM pursuant to Rule 1042.3(d), that is, by the thirtieth day after the filing of the Notice of Intention to Enter Judgment. Instead, Plaintiff filed an untimely motion for extension of time on December 22, 2016. The Court, in its discretion, granted the untimely Motion for Extension of Time in light of Plaintiff's pro se status, and Plaintiff eventually filed his COM by the Court's February 27, 2017 extension deadline.

As to Defendant Hospital, Plaintiff's COM provides as follows:

> And now comes Defendant, JOHN BRADLEY PETERS Sr., Pro Se, to certify that expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claims against Defendant, Brookville Hospital. Plaintiff avers that through Discovery he will show a Policy and/or Custom of Brookville Hospital that denies medical care to the Uninsured and/or persons in Police custody then minimizes or excludes their conditions in Medical Records.

---

order is entered pursuant to a new motion, timely filed and based on cause shown as of the date of filing the new motion." Pa. R. Civ. P. 1042.3(d) note.

[7] A defendant must wait 30 days after giving notice of the deficiency to allow for cure before filing a dispositive motion. *See Schmigel v. Uchal*, 800 F.3d 113, 115-16 (3d Cir. 2015).

(Certificate of Merit, ECF No. 29at 4.) The above legal theory regarding a policy or custom of denying medical care to uninsured patients and/or persons in police custody and minimizing or excluding their conditions in medical records was not pled in the Complaint. The COM does not relate at all to the claim against Defendant Brookville Hospital as alleged in the Complaint.

Instead, the Complaint specifically states that "Brookville Hospital has failed to train or supervise it's[sic] doctors to seek all information necessary to make a proper medical judgment." (ECF No. 1 ¶ 5.) This theory of liability relates directly to a claim for hospital corporate negligence described in *Stroud v. Abington Memorial Hosp.*, 546 F. Supp. 2d 238 (E.D. Pa. 2008) as follows:

> Corporate negligence is a doctrine under which a hospital owes a direct duty to its patients to ensure their safety and well-being while at the hospital. *See Thompson v. Nason Hosp.*, [], 591 A.2d 703, 707-08 ([Pa.] 1991) (adopting the corporate negligence doctrine in Pennsylvania jurisprudence). Under a corporate negligence theory, four general, nondelegable duties are imposed on the hospital:
>
> > (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;
> >
> > (2) a duty to select and retain only competent physicians;
> >
> > (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and
> >
> > (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.
>
> *Id.* (citations omitted).

*Stroud*, 546 F. Supp. 2d at 245. The *Stroud* court concluded that "corporate negligence is a direct theory of liability against the hospital, which contemplates some form of systemic negligence by the hospital, and is not simply a vicarious theory of liability based on the negligence of its employees." *Id.* (citing *Edwards v. Brandywine Hosp.*, [], 652 A.2d 1382,

1386-87 (Pa. Super Ct. 1995)). Consequently, Plaintiff's claim as set out in the Complaint *does* require a COM.

Here, pursuant to Pennsylvania Supreme Court precedent, Plaintiff's claim as to Defendant Hospital must be dismissed for failure to comply with the Pennsylvania Rules of Civil Procedure. In *Womer v. Hilliker*, the Pennsylvania Supreme Court indicated that it would no longer follow the trend of earlier cases favoring a liberal excuse approach where a plaintiff failed to comply with the Pennsylvania Rules of Civil Procedure relating to COMs. 908 A.2d 269 (Pa. 2006). The plaintiff in *Womer* did not file a timely COM, although he supplied an expert report to defendant during discovery setting forth the information that a COM would have provided before the expiration of the COM filing period. Womer did not file a motion to extend the time for filing a COM as permitted pursuant to Rule 1042.3(d). Thereafter, plaintiff filed his COM a few days after it was due and attached it to his motion to open judgment of non pros[8]. 908 A.2d at 272-73. The Supreme Court noted the following regarding the first equitable exception it considered pursuant to Pennsylvania Rule of Civil Procedure 126[9]:

> In our view, [defendant's] position is the correct one, since [plaintiff] took no steps to comply with Pa. R.C. P. [] 1042.3. Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiff's claim must be filed in the official record in a document call a "certificate of merit" at the time the complaint is filed or within sixty days thereafter. . . . Moreover, Pa. R.C.P. []

---

[8] *Womer* was decided before the Pennsylvania Rules of Civil Procedure were amended to include Rule 1042.6 requiring Notice of Intent to Enter Judgment.
[9] Rule 126 provides as follows:
**Rule 126. Liberal Construction and Application of Rules**
　　The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The Court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

8

> 1042.3(d), which allows for the filing and granting upon good cause shown of a motion to extend the time for filing a COM, sets forth the one and only step that a plaintiff is to take if he finds himself unable to secure a COM and desires to avoid the consequences of not satisfying Rule 1042.3(a)'s COM filing requirement in a timely fashion. [Plaintiff], however, did nothing of the sort. Rather, he served discovery materials on [defendant], which included an expert report. In our view, this was no procedural misstep within the meaning of Pa.R.C.P. [] 126. It was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126. . . .
>
> The equitable doctrine we incorporated into Rule 126 is one of *substantial* compliance, not one of *no* compliance. We reiterate what our case law has taught: Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts.

*Womer*, 908 A.2d at 278 (emphasis in original) (internal citations omitted).

Like the plaintiff in *Womer*, Plaintiff's untimely and deficient COM filing is akin to no compliance, which will not be excused pursuant to Rule 126. As noted above, the COM did not relate to the claim against the Hospital as alleged in the Complaint. In addition, Plaintiff did not timely file a motion for extension of time in which to file his COM pursuant to Rule 1042.3(d). Nor did Plaintiff seek clarification as to whether a COM was required pursuant to Rule 1042.6(c). In fact, it was not until after Defendant Hospital filed its Motion to Dismiss, and long after it filed its Notice of Intent, that Plaintiff filed his only motion for extension. The *Womer* decision makes clear that Plaintiff's disregard of the Pennsylvania Rules of Civil Procedure may not be excused pursuant to Rule 126 where Plaintiff made no "substantial attempt to conform" to the Rules. *See Womer*, 908 A.2d at 278.

The *Womer* Court also considered Pennsylvania Rule of Civil Procedure 3051[10] and strictly construed what could be considered a "reasonable explanation or legitimate excuse," holding that a plaintiff's honest belief than an expert report substantially complied with the rule did not satisfy the standard. 908 A.2d at 280. In so holding, the court in *Womer* noted that Pennsylvania Rule of Civil Procedure 126 "reflects a doctrine of substantial compliance and does not excuse a party's non-compliance, and that this doctrine "was not new or novel when [plaintiff] filed his complaint . . . . Further, this principle was fully available in our case law for [plaintiff] to consult at that time, as was, of course, Pa. R.C.P. [] 1042.3, which sets forth its requirements unambiguously and clearly." *Id.* The Supreme Court concluded that it "had no hesitation in concluding that the trial court acted well within its discretion in finding that [plaintiff] did not provide a reasonable excuse under Pa. R.C.P. [] 3051 for not filing a COM." *Id.* District Courts in this circuit have noted that *Womer* "dictates a very strict interpretation of the rule and sets a high bar for establishing a reasonable excuse." *Walsh v. Consol. Design & Eng'g, Inc.*, Civil Action No. 05-2001, 2007 WL 2844829, at *8 (E.D. Pa. Sept. 28, 2007), *cited in Stroud*, 546 F. Supp. 2d at 253. Consequently, Defendant Hospital's Motion to Dismiss

---

[10] Rule 3051 provides in relevant part as follows:
> **Rule 3051. Relief from Judgment of Non Pros**
> (a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
> (b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that
> (1) the petition is timely filed,
> (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and
> (3) there is a meritorious cause of action.

Pa. R. Civ. P. 3051.

Plaintiff's hospital corporate negligence claim should be granted for failure to timely file a COM that relates to Plaintiff's claim against the Hospital.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motions to Dismiss filed by Defendant Brookville Hospital (ECF Nos. 17 & 30) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: April 13, 2017

                            BY THE COURT

                            LISA PUPO LENIHAN
                            United States Magistrate Judge

cc:    John Bradley Peters, Sr.
       6260 Heverly Boulevard
       Coalport, PA  16627

       All counsel of record
       Via electronic filing