# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BRADLEY PETERS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-260 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JASON BROWN, KEVIN BICKLE, | ) | |
| WILLIAM GALLAGHER, DR. HOSNY | ) | |
| MIKHAIL, BROOKVILLE HOSPITAL, | ) | |
| OFFICER SPADER and JEFFERSON | ) | |
| COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This civil action was commenced on March 7, 2016 when Plaintiff filed his Complaint against the above captioned Defendants. (Doc. 1.) The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (Doc. 47), filed on July 19, 2017, recommended that the Motion to Dismiss filed by Defendants Anthony Spader and Jefferson County Jail (Doc. 15) be granted. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections from the date of service. On August 7, 2017, Plaintiff filed a two page "answer"/objection in which he again recited the facts of his alleged claim. Doc. 54.

Plaintiff had sought to file an Amended Complaint, but did not attach said proposed Amended Complaint to his filing on August 1, 2017. Doc. 52. Plaintiff's Motion to Amend the Complaint was denied without prejudice for him to refile the Motion to Amend and to attach his

proposed Amended Complaint by no later than August 16, 2017. Doc. 53. On August 18, 2017, two days after the deadline for filing the Motion for Leave to Amend the Complaint, Plaintiff filed an Amended Complaint, now without seeking leave to do so.[1]

Accepting the facts as true, the Court does not find that the Amended Complaint cures the deficiencies raised in the Report and Recommendation on the Motion to Dismiss. First of all, the Court notes that Plaintiff, in his Amended Complaint, has added new Defendants (Warden Thomas Elbel and Cheryl Adams, RN, Brookville Borough and Jefferson County) and deleted claims against certain Defendants (Jefferson County Jail and Brookville Hospital) from his Amended Complaint.

As for the claims of medical indifference against Warden Thomas Elbel, the Report and Recommendation specifically found that any anticipated new claims against the Warden would be without merit. The Court finds that there can be no claim against the Warden and therefore dismisses that claim *sua sponte*.[2]

---

[1] The Court reminds Plaintiff of his duty to comply with Court-ordered filing deadlines. The Court notes that the Court requested that Plaintiff filed his Amended Complaint by Text Order of December 27, 2016. Plaintiff failed to do so until August 1, 2017. The Court will not continue to accept late filings by Plaintiff, as it interferes with the Court's ability to properly manage this case in accordance with Fed. R. Civ. P. 1. The Court has accepted the Amended Complaint for filing but notes that no further amendments to the pleadings will be permitted as this case has been pending since March of 2016 and still remains in the pleadings-stage of the case. The Court also notes that Plaintiff is no longer incarcerated and he has consented to receive notice of Court filings via email, however, the Court will continue to mail said documents because no email address has been provided of record.

[2] The Court has doubts that both Dr. Mikhail and newly added Defendant Cheryl Adams, RN, are state actors and therefore, no plausible claim for a violation of Plaintiff's civil rights pursuant to 42 U.S.C. Section 1983 may be properly asserted against them. *West v. Atkins*, 487 U.S. 42, 56 (1988). Rather than dismiss Dr. Mikhail or Nurse Adams *sua sponte*, the Court will await a Motion to Dismiss from these Defendants once they are properly served. Additionally, the Court notes that to the extent a potential malpractice claim exists against either Defendant Mikhail or Adams, on the face of the Amended Complaint, there is no diversity of citizenship of these Defendants and the Court may properly decline to exercise jurisdiction over these claims.

Plaintiff's Amended Complaint as against Jefferson County, alleges that Jefferson County Jail was deliberately indifferent to his medical needs, and while naming Jefferson County as the Defendant, the facts as alleged are actually a re-casted claim against Jefferson County Jail, which the Report and Recommendation has correctly found is not a cognizable claim. See Paragraph 108 of Amended Complaint at doc. 55 ("Jefferson County, through the policies and/or customs of Jefferson County Jail to allow, permit or instruct Jefferson County Jail employees to perform their [sic] duties in a way that denied Plaintiff the rights guaranteed him by the Due Process Clause of the Fourteenth Amendment.")[3]

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the "answer" of Plaintiff to the Report and Recommendation, as well as the Amended Complaint, the following Order is entered:

**AND NOW**, this 22nd day of August, 2017,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants Anthony Spader and Jefferson County Jail ([Doc. 15](Doc. 15)) is GRANTED.[4]

**IT IS FURTHER ORDERED** that the Report and Recommendation ([Doc. 47](Doc. 47)) of Magistrate Judge Lenihan, dated July 19, 2017, is adopted as the opinion of the Court.

---

[3] Plaintiff appears to attempt to advances a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) against Brookville Borough. In *Monell*, the United States Supreme Court held that a civil rights complaint against a municipality or its agent must allege (1) the existence of a custom or policy of the municipality which is of such longstanding as to have the force of law; and (2) that one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy. 436 U.S. at 691-695. The Court will resolve these claims once Defendant Brookville Borough is properly served and has an opportunity to answer or otherwise plead.

Finally, **IT IS HEREBY ORDERED** that the claims against Warden Thomas Elbel are **DISMISSED** as without merit as well as the claims for deliberate indifference to a serious medical need against Jefferson County.

BY THE COURT:

s/Arthur J. Schwab
ARTHUR J. SCHWAB
United States District Judge

cc: John Bradley Peters, Sr.
 6260 Heverly Boulevard
 Coalport, PA 16627

 All Counsel of Record
 *Via CM/ECF Electronic Filing*