IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BRADLEY PETERS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-260 |
| | ) | |
| CHIEF JASON BROWN, SARGENT | ) | Magistrate Judge Lisa Pupo Lenihan |
| KEVIN BICKLE, OFFICER WILLIAM | ) | |
| GALLAGHER, DOCTOR HOSNY | ) | ECF No. 66 |
| MIKHAIL, CHERYL ADAMS, and | ) | |
| BROOKVILLE BOROUGH, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Before the Court is the Motion to Dismiss filed by Cheryl Adams ("Nurse Adams" or "Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 66). Defendant seeks dismissal of Count I of the Amended Complaint filed, *pro se*, by John Bradley Peters, Sr. ("Plaintiff"). (ECF No. 55). Plaintiff pleads his sole claim against Defendant under 42 U.S.C. § 1983 for alleged violation of his rights under the Fourteenth Amendment to the Constitution of the United States – specifically, deliberate indifference to his medical needs.

Avoiding dismissal under Rule 12(b)(6) requires a complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11

(3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). Moreover, pleadings filed by *pro se* litigants should be liberally construed. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

Nevertheless, the facts pled do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F.3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and even *pro se* litigants are required to plead facts sufficient to supports their claims, and cannot flout procedural rules. *Mala,* 704 F.3d at 245.

the Amended Complaint of August 18, 2017 alleges that in the late evening hours of March 5, 2014, Plaintiff was taken into custody by officers of the Brookville Borough Police Department. The police had responded to an emergency call by Plaintiff's wife. (ECF No. 55 ¶ 13). Plaintiff had fallen down a flight of stairs in his home, and thereafter began to act erratically; this behavior included threats of violence against members of Plaintiff's family. (*Id.*

¶¶ 14 – 21). Plaintiff's wife initially attributed his conduct to consumption of alcohol. (*Id.* ¶¶ 22 – 23).

When the police arrived on the scene, they attempted to escort Plaintiff from his home to a patrol car with the aid of Plaintiff's sons. (*Id.* ¶ 24). However, Plaintiff became aggravated and attempted to return to his home. (*Id.* ¶ 25). In the ensuing scuffle, one of the police officers was struck by Plaintiff, at which point Plaintiff was punched in the face by another officer and wrestled to the ground with the help of one of Plaintiff's sons. (*Id.* ¶¶ 26 – 34).

Following the eventual arrival of paramedics, Plaintiff was strapped to a backboard and transported to Brookville Hospital. (*Id.* ¶¶ 50 – 51, 55). Plaintiff was to undergo an assessment to determine whether he was medically clear for detention at the Jefferson County Jail. (*Id.* ¶ 55). At the hospital, Plaintiff came under the care of physician Hosny Mikhail and Nurse Adams. Nurse Adams examined Plaintiff and completed a Functional Assessment in which she found "no identified needs." (*Id.* ¶ 60). Dr. Mikhail then completed his own examination, after which he recorded in his notes that Plaintiff was "MEDICALLY CLEARED TO GO TO JAIL," and ordered that Plaintiff be discharged. (*Id.* ¶¶ 62 – 63). In the early morning hours of March 6, 2014, Plaintiff was released, and his discharge papers stated that he was "MEDICALLY CLEAR TO BE DISCHARGED TO POLICE CUSTODY." (*Id.* ¶¶ 72, 79). The Jefferson County Jail took custody of Plaintiff at approximately 1:45 a.m. on March 6, 2014. (*Id.* ¶ 83).

In Count I of the Amended Complaint, Plaintiff alleges that Nurse Adams' conduct while Plaintiff was under her care amounted to deliberate indifference to his medical needs. (*Id.* ¶ 112). In response, Nurse Adams argues that Plaintiff's claim is time-barred, and that it fails to allege facts sufficient to establish that she acted under color of law for purposes of § 1983. (ECF Nos. 67; 73). The Court agrees with Defendant, and will dismiss.

With respect to Defendant's first argument, a complaint is properly subject to dismissal due to the passing of the relevant statute of limitations if the defense is "apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). The appropriate limitations period for § 1983 claims in Pennsylvania is two years. *Id*. (citing *Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985)). Thus, an Amended Complaint filed on August 18, 2017, presenting a claim pertaining to the conduct of a newly named defendant on March 5 – 6, 2014, is untimely filed. Plaintiff nevertheless contends that the statute of limitations does not bar his claim against Nurse Adams, because it relates back to the claims originally filed against Brookville Hospital and Dr. Mikhail, and because Nurse Adams received notice of her potential liability by virtue of her representation by the same attorney as represents Brookville Hospital and Dr. Mikhail. (ECF No. 72 at 4 – 6).

Federal Rule of Civil Procedure 15(c)(1)(B) dictates that an amended pleading will relate back to the date of an original pleading if it contains "'a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting Fed. R. Civ. P. 15(c)(1)(B)). Accordingly, a court must "'search for a common core of operative facts in the two pleadings.'" *Id.* (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). "[O]nly where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Id.* at 146 (quoting *Bensel*, 387 F.3d at 310). Amended pleadings which have the effect of significantly altering the nature of a proceeding "'by injecting new and unanticipated claims are treated far more cautiously.'" *Id.* (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002)).

4

Plaintiff filed his original Complaint on March 7, 2016. (ECF No. 1). Brookville Hospital and Dr. Mikhail were named as defendants, but not Nurse Adams. (*Id.* at 5). The Complaint made mention of an "intake nurse" on three occasions, but made no specific allegations of wrongdoing or contribution to Plaintiff's injury by said nurse. (*Id.* at 6, 11). Neither were there allegations of manipulation or falsification of medical records by hospital staff. The Complaint claimed only that Dr. Mikhail "refused to request facts" and ignored signs and symptoms necessary to make informed medical decisions. (*Id.* at 12). It was also claimed that "Brookville Hospital has failed to train or supervise it's [sic] doctors to seek all information necessary to make a proper medical judgment." (*Id.* at 12). Indeed, the Complaint actually appears to cast the unidentified nurse in a positive light when it notes that the nurse attempted to alert Dr. Mikhail to the severity of Plaintiff's condition. (*Id.*).

In the Amended Complaint, Plaintiff claims that Nurse Adams was deliberately indifferent to his medical needs when she "intentionally and/or with gross negligence…reported false information in medical forms." (ECF No. 55 ¶ 112). While amended pleadings are frequently found to relate back when simply restating "'the original claim with greater particularity'" or amplifying "'the factual circumstances surrounding the pertinent conduct,'" that is not the case here. *Glover*, 698 F.3d at 146 (quoting *Bensel*, 387 F.3d at 310). The conduct of which Nurse Adams is accused cannot be said to fit within the claims pled against Brookville Hospital and Dr. Mikhail in the original Complaint. Consequently, the original Complaint[1] cannot be said to have placed Nurse Adams on notice of potential liability for

---

[1] Plaintiff also attempts to base his relation back argument, in part, on the contents of his Certificate of Merit. (ECF No. 29). The Certificate does not identify any nurse or any actions taken by any nurse; it only addresses the allegedly deficient care provided by Dr. Mikhail. (*Id.*). While the Certificate does at one point state that Plaintiff intends to establish that Brookville Hospital maintained a policy/custom that "denies medical care to Uninsured and/or persons in Police custody then minimizes or excludes their conditions in Medical Records," the Court observes that the Certificate was filed on February 28, 2017 – well outside the two-year limitations period. (*Id.*).

falsification of medical records.  A complaint cannot be rehabilitated by invoking Rule 15(c) where it "does not give a defendant 'fair notice of what the plaintiff's amended claim is and the grounds upon which it rests.'"  *Id.* (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3 (1984)).  Although the Court draws all inferences and views all facts in the light most favorable to Plaintiff, the pleadings make clear that Count I is barred by the applicable statute of limitations as it pertains to Nurse Adams, and must be dismissed.

However, even if Count I did relate back to Plaintiff's allegations in the original Complaint, Defendant is correct in asserting that dismissal is warranted for failure to state a claim under § 1983.  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

Congress conceived § 1983 as a safeguard against deprivations of individual rights conferred by federal statutes and the Constitution.  *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119 (2005) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)).  In order to properly state a valid § 1983 claim, a plaintiff must demonstrate (1) that an individual acting under color of law (2) violated enumerated constitutional or statutory rights.  *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000).  The heart of the inquiry into the existence of the first element is "'to discern if the defendant exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Klavan v. Crozer-Chester Med. Ctr.*, 60 F.Supp.2d 436, 441 (E.D. Pa. 1999) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 639 n. 17 (3d Cir. 1995)).

---

Thus, even assuming the Amended Complaint could relate back to the Certificate, the Certificate could not have provided timely notice to Defendant.

Plaintiff argues that Nurse Adams is properly considered a state actor for purposes of § 1983, because the police transported him to Brookville Hospital for the sole purpose of receiving a medical clearance, as mandated by state regulation[2]; because he had no input into whether or not Nurse Adams could examine him or provide medical treatment; and, because police officers escorted Plaintiff to have a CT scan while at the hospital. (ECF No. 72 at 7 – 8). The United States Court of Appeals for the Third Circuit looks to the following when identifying potential state action by private entities: "'(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). Ultimately, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Blum v. Yaretesky*, 457 U.S. 991, 1004 (1982)).

However, Courts have found that medical professionals do not act under color of law when they provide medical services in a non-prison hospital, and are neither employed by a jail nor under contract with one to render medical services. *Stuart v. Lisiak*, 2015 WL 5286574, at * 4 (M.D. Pa. Sept. 10, 2015). A hospital and its staff are not suddenly transformed into entities acting under color of law simply because a plaintiff was an arrestee at the time he or she was brought to a hospital. *Rosario v. Washington Mem'l Hosp.*, 2013 WL 2158584, at * 3 (W.D. Pa. May 17, 2013). In the instant case, even when viewed in the light most favorable to Plaintiff, the facts pled in the Amended Complaint show that Nurse Adams was merely an employee of

---

[2] Plaintiff does not provide a citation to the relevant regulation.

Brookville Hospital, a private institution under no formal agreements with the Brookville Borough Police Department or the Jefferson County Jail.

Further, the fact that state regulation may have required police officers in this case to seek medical clearance for Plaintiff before his admission into the jail does not mean that the state compelled Brookville Hospital, or Nurse Adams, to examine or treat Plaintiff. *Carver v. Plyer*, 115 F.App'x 532, 538 – 39 (3d Cir. 2004). The regulation, as pled by Plaintiff, merely dictated the course of action to be taken by the police officers. The Amended Complaint does not contain allegations of fact demonstrating that the state coerced or encouraged Nurse Adams to act in a manner that violated Plaintiff's constitutional rights. *Klavan*, 60 F.Supp.2d at 442. Thus, Nurse Adams was not acting under color of state law, and Count I of the Amended Complaint must be dismissed.

Finally, while leave to amend should generally be granted *sua sponte* to a *pro se* plaintiff in a civil rights action, *Alston v. Admin. Offices of Del. Courts*, 663 F.App'x 105, 108 (3d Cir. 2016) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)), such leave has already been previously granted in this case. Further, leave may be denied based upon a finding of undue delay, bad faith, repeated failure to cure deficiencies, prejudice, or futility. *Mullin v. Balicki*, 875 F.3d 140 (3d Cir. 2017) (citing *Foman v. Davis*, 271 U.S. 178 (1962)). A court may properly consider amendment to be futile if a plaintiff cannot state facts which would change the outcome of a motion to dismiss. *Torruella-Torres v. Fort Dix FCI*, 678 F.App'x 59, 60 (3d Cir. 2017). Based upon the foregoing, it is unlikely that Plaintiff would be able to plead facts demonstrating that Count I of the Amended Complaint relates back with respect to Nurse Adams, or that Nurse Adams acted under color of law. Accordingly, dismissal shall be with prejudice. An appropriate Order will follow.

*s/ Lisa Pupo Lenihan*
Lisa Pupo Lenihan
United States Magistrate Judge

**CC: JOHN BRADLEY PETERS, SR.**
25 Grant Street
Brookville, PA 15825