# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BRADLEY PETERS, | ) | |
| | ) | Civil Action No. 16-260 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CHIEF JASON BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

The Complaint in this matter was filed on March 7, 2016. ECF No. 1. Plaintiff requested an extension of time for the service of process, which was granted. ECF Nos. 3,4. Plaintiff was given until October 7, 2016 to effectuate service. On Dec. 22, 2016 Plaintiff filed a Motion at ECF No. 20 asking that the Court order service on Defendant Mikhail as Plaintiff was not able to locate him. This request was denied and Plaintiff was granted another extension, to Feb. 27, 2017, to provide a service address. ECF No. 25. On Feb. 28 Plaintiff asked that the Court serve this Defendant and provided a new address. ECF No. 28. The Motion was granted and the Court indicated it would order the U.S. Marshals to serve the Defendant at the address provided by the Plaintiff. ECF No. 41. Prior to entering the order, the Courtroom Deputy called the number provided by Plaintiff and and was told he had not worked at Geisinger Jersey Shore Hospital for more than three years, so service was not attempted. An Initial Case Management Conference was held on July 25, 2017 at which Plaintiff was advised of this and told that he had until

1

September 25, 2017 to either provide the Court with a current address or face dismissal of this Defendant.  Plaintiff filed an Amended Complaint (ECF No. 55) on August 18, 2017, in which Doctor Hosny Mikhail was still listed as a Defendant. The Courtroom Deputy spoke to Mr. Peters on September 14, 2017, when he indicated he had mailed service papers to the remaining defendants on August 31, 2017.  On Dec. 19, 2017 the Court held a status conference and noted that Defendant Mikhail had still not been served. Plaintiff advised that he was still trying to find an address for him. The Court again advised Plaintiff that if Mikhail had not been served by January 15, 2018, he would be dismissed. ECF No. 74. No service has been made, nor has Plaintiff provided a new address for service.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court.  Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990).  Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion.  *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007).  In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules.  Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In <u>Poulis</u>, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id</u>. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. <u>The extent of the party's personal responsibility.</u>

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to serve Defendant Mikhail is his.

2. <u>Prejudice to the adversary.</u>

In <u>Poulis</u>, prejudice was found to exist where the plaintiff did not conduct discovery, the adversary was required to prepare and file motions to compel answers to interrogatories, and the plaintiff did not file a pre-trial statement as required. In this case, Defendant Mikhail has a federal lawsuit pending against him that he is not aware of. The case has been pending for close to two years and is proceeding as to the other Defendants, who also deserve to have the case litigated and not held up by this issue. Time continues to pass, resulting in the destruction or disappearance of evidence and the dimming of memory.

<u>A history of dilatoriness.</u>

3

It does not appear that Plaintiff has a history of dilatoriness other than his failure to locate Defendant Mikhail.

3. <u>Whether the party's conduct was willful or in bad faith.</u>

Plaintiff is not in bad faith but he has failed to provide a service address for this Defendant, despite being given a year and a half to do so. He was aware that he had a January 15 deadline and has not filed any new address or otherwise contacted the Court.

4. <u>Alternative sanctions.</u>

There does not appear to be any alternative sanction available in this situation. Federal Rule 4 requires Plaintiff to make service of the Complaint within 90 days after the Complaint is filed. If service is not made the court must dismiss the action without prejudice against that defendant. Plaintiff has been given ample opportunity to effect service, well beyond the 90 day requirement.

5. <u>Meritorious of the claim or defense.</u>

Plaintiff's allegations against Dr. Mikhail are questionable. The Court does not believe he was acting under color of state law at the time of the incident and Plaintiff has not filed a certificate of merit as required for a professional negligence action.

To summarize, the majority of the <u>Poulis</u> factors weigh in favor of dismissal. Therefore,

**IT IS HEREBY ORDERED**, this 18th day of January, 2018, that Defendant Hosny Mikhail is dismissed from this action without prejudice.

Lisa Pupo Lenihan
United States Magistrate Judge

cc:  JOHN BRADLEY PETERS, SR.
     25 Grant Street
     Brookville, PA 15825
     via certified mail

     Counsel of record.