# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BRADLEY PETERS, SR., | )  |
| Plaintiff, | ) Civil Action No. 16-260 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| JASON BROWN, KEVIN BICKLE, WILLIAM GALLAGHER, and BROOKVILLE BOROUGH, | ) ECF No. 97 |
| Defendants. | ) |

## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion for Reconsideration of this Court's Order of June 12, 2018 granting summary judgment in favor of Defendants (ECF No. 94), and of the Judgment Order in favor of Defendants entered on the same date (ECF No. 95). In support of his Motion, Plaintiff argues the following: 1) proceeding pro se, he was unaware that he was required to set forth specific facts in support of his claims; 2) the Court misinterpreted the 911 call log, which if viewed in conjunction with Chief Brown's Affidavit, prove the time frame as described in Plaintiff's Complaint; and 3) Defendants supplied the Court with false information including their representation that the 911 recording was provided to them by Plaintiff, and that the recording placed into evidence had not been altered and edited.[1] Plaintiff further contends that Defendants submitted altered Police Incident Reports "where they added verbage extremely offensive to females and Affidavits and Criminal charges that evolved to get worse over time." (Plaintiff's Motion for Reconsideration, ECF No. 97 at 1-2.) In conclusion, Plaintiff "requests

---

[1] Specifically, Plaintiff states that Officer Gallagher's request for Chief Brown and a request that an ambulance be placed on stand-by were edited out.

that the Court allow him to file a 'Concise Statement of Material Facts' Nunc Pro Tunc." (ECF No. 97 at 2.)

Defendants respond that although the Court must liberally construe a pro se plaintiff's pleadings, courts are not required to accommodate evidentiary deficiencies, and that in fact, Plaintiff came forward with a "very full record of facts to support his claims." (Defendants' Responsive Brief, ECF No. 99 at 4.) Defendants further argue that Plaintiff "fails to supply a single fact or argument as to how the Court erred in its analysis of the timeframe involving the 911 log and Chief Brown[,]" and how a contrary finding would change the Court's conclusion. (ECF No. 99 at 5.) Finally, Defendants argue that Plaintiff submits no record evidence in support of his claim that the Defendants supplied the Court with false information in its submissions accompanying its Motion for Summary Judgment. (ECF No. 99 at 5.)

MOTION FOR RECONSIDERATION

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration. *Id.* at 909 (citing *DeLong Corp. v. Raymond Int'l Inc.,* 622 F.2d 1135, 1139-40 (3d Cir. 1980)). Therefore, motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *D'Angio v. Borough of Nescopeck,* 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Granting a motion for reconsideration is an extraordinary remedy, and therefore, is

done sparingly. *Id.* at 504 (citing *NL Indus. v. Commercial Union Ins. Co.,* 935 F. Supp. 513 (D.N.J. 1996) (other citation omitted)).

ANALYSIS

On February 15, 2018, Defendants filed their Motion for Summary Judgment, Brief in Support and Concise Statement of Material Facts. (ECF Nos. 78-79.) Previously, at a Status Conference attended by Plaintiff, the undersigned set deadlines for the filing of the Motion for Summary Judgment indicating that the Motion was due on February 15, 2018, and Plaintiff's Response was due on March 19, 2018. On March 15, 2018, the Court entered an Order extending the time for Plaintiff to file his Response until April 17, 2018, with the following instructions:

> The Response shall consist of a responsive memorandum of law, and a separate document containing the response to Defendants' Concise Statements of Material Fact as described in detail in the Local Rules of Court for the Western District of Pennsylvania at Local Rule 56 C.1. through 3. The Local Rules are readily accessible on the Courts external website at www.pawd.uscourts.gov. Failure to file these documents by the deadline may result in the Court's consideration of the Motion for Summary Judgment without benefit of a Response.

(March 15, 2018 Order, ECF No. 81.)

On April 17, 2018, Plaintiff filed his Response to Defendants' Concise Statement of Facts which included new facts asserted by Plaintiff, (ECF No. 86) to which Defendants filed a Reply on May 9, 2018 (ECF No. 92).[2] In addition to his Response to Defendants' Concise Statement of Facts, Plaintiff also came forward with an Appendix in Opposition to Defendants' Motion for Summary Judgment listing and attaching the following Exhibits: the Affidavits of Stacey Peters, Brandon Peters, Tyler Peters, and Christina Seidle; Answer to Original Complaint;

---

[2] Defendants also filed a Reply Brief (ECF No. 93) on May 9, 2018.

3

Brookville Police Department Incident Report; Gallagher 1st Criminal Complaint; Gallagher 2nd Criminal complaint; Brookville Hospital E.R. Doctor's Notes; Petition for Relief Under the Post Conviction Relief Act; Brookville E.R. Doctor Reports March 6, 2014 (return visit March 6, 2014); Dubois Regional Medical Center Report; Clarion Hospital Report; Orthopedics Sport's Medicine Report; Doctor Freenok Medical report; and Jason Brown Professional Statement. Clearly, Plaintiff's record submissions reflect that he was well aware that he was required to come forward with all of his evidence in response to Defendants' Motion for Summary Judgment.

Further, the Court conducted a careful and thorough review of the summary judgment record and Plaintiff provides no detail as to how he believes the Court misinterpreted the 911 call log and how that misinterpretation would impact the Court's ultimate conclusion.

Finally, Plaintiff argues that Defendants submitted false information to the Court, namely, the 911 recording. In deposition, however, Plaintiff's wife, Stacey Peters, admitted that to her knowledge, the tape accurately reflects what she said to 911 and what 911 said to her. (ECF No. 79-1 at 40, 41-42.) If Plaintiff believed that Defendants submitted other false information to the Court on their Motion for Summary Judgment, Plaintiff had the opportunity to raise those issues in his Response.

As noted above, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp.*, 779 F.2d at 909. Therefore, "[a] motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Federico v. Charterers Mut. Assurance Ass'n, Ltd.*, 158 F. Supp.2d 565, 577-78 (E.D. Pa. 2001) (quoting *Fed. Deposit Ins. Corp. v. Parkway Exec. Office Ctr.*, Civ. A. 96-121, Civ. A. 96-122, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)

(citing *Corrigan v. Methodist Hosp.*, 885 F. Supp. 127, 127 (E.D. Pa. 1995)). "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal v. Maritank Philadelphia, Inc.*, No. Civ. A. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999). Plaintiff's arguments are directed to these purposes; that is, he seeks to raise new arguments or theories based on previously available evidence. Consequently, the Court will deny Plaintiff's Motion for Reconsideration.

An appropriate Order will follow.

**BY THE COURT**

Dated: July 11, 2018

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: John Bradley Peters, Sr.
25 Grant Street
Brookville, PA 15825

All Counsel of Record
Via Electronic Filing